UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAWN RANDALL THOMAS,

        COMPLAINT

    Plaintiff,

    -v-

CITY OF NEW YORK, SGT. BENJAMIN EILL,
P.O. ALEXANDER MIROSHNYK,        JURY TRIAL DEMANDED
P.O. JAMES PICK

    Defendants.
------------------------------------------------------------X

## NATURE OF ACTION

1.    This action is brought by Plaintiff to recover damages for the Defendants' violations of Plaintiff's civil rights in or about June 2015, wherein he was subject to stop, search and arrest without probable cause, then issued a summons, arrested, booked and arraigned for violation of New York City rules, for vaping, the inhalation of vapor via an electronic device of tubular design that involves no fire or burning of material (the activity of which is hereinafter referred to as "vaping," and the device required is referred to as a "vaporizer"), conduct that is not criminal and was known to Defendants to be non-criminal, and which occasioned his arrest pursuant to the policies, customs and practices of the municipal defense.

## THE PARTIES

2.    Plaintiff is domiciled in Bronx County, New York.

3.    The City of New York is a municipal corporation whose residence is in all five counties of New York City, including New York County.

4.    Defendants Sergeant Benjamin Eill, Police Officer Alexander Miroshnyk and Police

Officer James Pick are employees of the City of New York Police Department (also referred to hereinafter as "individual defendants").

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district under 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is proper in this district under 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7. On or about June 8, 2015, 9:02 p.m., Plaintiff was carrying a personal vaporizer on a subway platform at Flatbush Avenue and Fulton Street, Brooklyn, New York.

8. He was approached by the individual defendants, who detained him.

9. The individuals defendants requested several times that Plaintiff produce identification.

10. Plaintiff declined to produce identification and requested that the individual defendants cease their detention and harassment.

11. Plaintiff advised the individual defendants that vaping is not a criminal offense.

12. The individual defendants were aware that vaping is not a criminal offense.

13. A reasonable officer would be aware that vaping is not a criminal offense.

14. The individual defendants were aware that refusing to produce identification is not a criminal offense.

15. A reasonable officer would be aware that refusing to produce identification is not a

criminal offense.

16. The individual defendants were aware that cursing in front of a police officer is not a criminal offense.

17. A reasonable officer would be aware that cursing in front of a police officer is not a criminal offense.

18. The individual defendants arrested Plaintiff at the said date and time.

19. Plaintiff was arraigned on June 9, 2015 for violating the Smoking Restrictions under the New York State Public Health Law (Public Health Law § 1399-o (1)), Obstructing Governmental Administration in the Second Degree (Penal Law § 195.05), and Disorderly Conduct under the Penal Law (Penal Law 240.20 [3]), and Disorderly Conduct under the New York City Transit Authority Rules of Conduct (New York City Rules § 1050 [7] [B]).

20. On February 5, 2016, the New York Supreme Court dismissed the charges on the grounds that vaping does not fit within the definition of "smoking" under PHL § 1399-o or New York City Rules § 1050 [7] [B], that Plaintiff's refusal to provide identification did not physically interfere with the officer's ability to write him a summons pursuant to Penal Law § 195.05, that ignoring a police officer's request for identification is not a crime and does not amount to an "independently unlawful act" under obstruction of governmental administration, and that Penal Law § 240.20 [3] does not proscribe cursing in front of a police officer.

FIRST CAUSE OF ACTION
ILLEGAL SEARCH AND SEIZURE
42 U.S.C. § 1983

21. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. The individual defendants acted under color of state law.

23. The individual defendants had no probable cause to stop, detain or arrest plaintiff and Plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

24. As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

SECOND CAUSE OF ACTION
MALICIOUS PROSECUTION
42 U.S.C. § 1983

25. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

26. Acting under color of state law, the Individual Defendants brought charges against plaintiff without probable cause, at such time as they should have known there was no probable cause, and Plaintiff was subject to post-arraignment deprivation.

27. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

THIRD CAUSE OF ACTION
EXCESSIVE FORCE
42 U.S.C. § 1983

28. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

29. Acting under color of state law, the Individual Defendants assaulted Plaintiff with no justification or excuse therefor, twisting his arm and compressing his chest against a wall, requiring hospitalization.

30. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

FOURTH CAUSE OF ACTION
MUNICIPALITY CLAIM UNDER MONELL
42 U.S.C. § 1983

31. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

32. The violations of Plaintiff's constitutional rights and of Federal Law as herein above enumerated by Defendants Police Officers and each of them, were carried out under the following policies, customs, and practices of Defendant City of New York.

   A. A policy, custom and practice to harass, detain and/or arrest citizens who were found to be vaping in the subway system, despite the fact that it is not a criminal violation;

   B. A policy, custom and practice to harass, detain and/or arrest citizens who engaged in publicizing information derogatory to the New York City Police Department and/or to individual New York City Police Officers, in the absence of criminal violations;

   C. A policy, custom and practice to list persons as "transit recidivists" despite

    previous arrests resulting in acquittal or dismissal;

D. A policy, custom and practice to arrest persons who fail to give identification to police officers when requested, although those persons are under no legal obligation to provide such identification;

E. A policy, custom and practice to arrest persons who use curse words in speaking with officers, although those persons are permitted to use such words;

F. A failure to train officers to comply with the requirements of the law as set forth above, exhibiting deliberate indifference to the rights of persons with whom police officers come in contact, as shown by the Municipal Defendant's awareness of data demonstrating that said policies, customs and practices resulted in routine violations of law and civil rights.

33. Under 42 U.S.C. § 1983, Defendant City of New York is jointly and severally liable with Defendants Police Officers and each of them for the general and specific damages Plaintiff sustained, as well as for the attorneys' fees and the costs and disbursements of the action.

WHEREFORE, Plaintiff demands as follows:

    A. Compensatory damages;

    B. Punitive damages;

    C. Cost of suit and attorney's fees under 42 U.S.C. § 1988;

    D. Such other relief as may be just and proper.

Dated: New York, New York
       May 31, 2018

/s/ Jillian T. Weiss
JILLIAN T. WEISS (TW4542)
Attorney for Plaintiff
527 Hudson Street
P.O. Box 20169
New York, NY 10014